**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JACKIE COX & RICKY COX**                                                   **PLAINTIFFS**

**VS.**                                                                          **CAUSE NO. 1:12-cv-77-SA-DAS**

**WAL-MART STORES EAST, LP; AND
JOHN DOES A, B, AND C**                                                    **DEFENDANTS**

---

**MEMORANDUM BRIEF IN SUPPORT OF
WAL-MART'S MOTION FOR SUMMARY JUDGMENT**

---

COMES NOW, Wal-Mart Stores East, LP, by and through its attorneys of record, pursuant to FED. R. CIV. P. 56(c), and submits this, its Memorandum Brief in Support of its Motion for Summary Judgment, and would show unto the Court the following facts and matters to-wit:

**I. SUMMARY OF RELEVANT FACTS**

Plaintiff, Jackie Cox, alleges that on or about April 24, 2011, she tripped and fell as a result of catching the heel of her shoe on a metal threshold as she entered the Wal-Mart in Fulton, Mississippi. (Complaint, MSJ Ex. A) Plaintiff has suffered from rickets, a disease which causes bone deformities, since she was a small child and, as such, she walks with a limp and/or drags her feet. *See, e.g.,* video footage showing Plaintiff walk which is attached to Wal-Mart's Motion for Summary Judgment as Ex. G.

The threshold at issue is approximately 7/16" tall. (Affidavit of Michelle Clifton, MSJ Ex. D) In fact, the uncontradicted evidence establishes that the threshold is essentially identical to any other threshold one might expect to encounter in other similar businesses which have automatic

sliding glass doors. (Deposition of Jackie Cox, MSJ Ex. B, pp 16) Additionally, the Plaintiff had been to the subject Wal-Mart on numerous occasions prior to the date of the subject incident and was therefore familiar with the location/existence of the threshold at issue in this case. (Deposition of Jackie Cox, MSJ Ex. B, pp 12-13) Moreover, approximately 240 people walk across the threshold in the hour prior to the subject incident without problem and another 268 walk across the threshold without incident in the hour after the subject incident. (Video Surveillance Footage, MSJ Ex. G).

Everitt Gunner, an elderly customer, testified that he witnessed the subject incident and that he saw the threshold "rocking around." (Deposition of Everitt Gunner, MSJ Ex. C, pp. 7) He further testified that the threshold was "just sitting there rocking back and forth" because it was missing screws or bolts. (Deposition of Everitt Gunner, MSJ Ex. C, pp. 8, 20) However, video surveillance footage of the incident and photographs of the threshold reveal that Mr. Gunner is simply mistaken about what he thinks he saw. Specifically, the video surveillance footage shows no evidence of the threshold moving in any manner.[1] (Video Surveillance Footage, MSJ Ex. G). Likewise, photographs of the threshold taken by Wal-Mart following the subject incident and Plaintiff's daughter on the day after the incident show no evidence of any missing screws. (Photographs taken by Wal-Mart, MSJ Ex. E); (Photographs taken by Sabrina Cox, MSJ Ex. F). In fact, Mr. Gunner was unable to identify the location of the alleged missing screws or bolts when confronted with photographs of the threshold. (Deposition of Everitt Gunner, MSJ Ex. C, pp. 20).

---

[1] Instead, what is depicted by the video surveillance footage is Plaintiff dragging her foot as she walks and causing the heel of her shoe to catch on the threshold. (Video Surveillance Footage, MSJ Ex. G); *See also* deposition testimony of Mr. Gunner admitting that it is possible that Plaintiff actually fell simply because she was dragging her feet/walking with a limp. (Deposition of Everitt Gunner, MSJ Ex C, pp. 22)

For these reasons, and as discussed in more detail below, Wal-Mart is entitled to summary judgment as a matter of law.

## II. ARGUMENT AND AUTHORITIES

### A. Summary Judgment Is Proper When There Are No Genuine Issues of Material Fact as Determined by the Substantive Controlling Law

Summary judgment shall be rendered on the motion of a party if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).

As stated by the court in *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616 (5th Cir. 1994):

> However, where the non-movant bears the burden proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent Summary Judgment proof that there is an issue of material fact warranting trial.

*Id.* at 618.

The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant bears the initial burden of showing the basis for its motion, and identifying the portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. The non-moving party must then indicate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. The plaintiff does not satisfy his burden merely with "some

metaphysical doubt as to the material facts, by conclusory allegations, or by only a scintilla of evidence." *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d at 315 (5th Cir. 1995).

Here, there are no genuine issues of material fact which would allow the Plaintiffs to prove the essential elements of their claims against Wal-Mart. Therefore, Wal-Mart is entitled to judgment as a matter of law.

**B.     The Threshold is Not a Hazardous Condition**

In the case at bar, Plaintiffs cannot establish even the most basic element of their premises liability claim - i.e. that a hazardous condition existed on Wal-Mart's premises. Plaintiffs allege that Jackie Cox tripped and fell after the heel of her shoe got caught on a metal threshold. (Complaint, MSJ Exh. A)   There is, however, no evidence to establish that the subject threshold constituted a hazardous condition.

Under Mississippi law, "a premises owner owes an invitee only 'the duty of exercising reasonable care to keep the premises safe, or of warning [the invitee] of hidden or concealed perils of which [the owner] knew or should have known in the exercise of reasonable care.'" *Ware v. Frantz,* 87 F. Supp. 2d 643 (S.D. Miss. 1999) (quoting *Lucas v. Buddy Jones Ford Lincoln Mercury, Inc.,* 518 So. 2d 646 (Miss. 1988).

Furthermore, a premises owner is not liable in instances where a plaintiff's alleged injuries are caused by a condition which is not dangerous. *Id.* (quoting *McGovern v. Scarborough,* 566 So. 2d 1225 (Miss. 1990)). Stated slightly differently, conditions which are "normally encountered" on a business premises are generally not considered to be hazardous or unreasonably dangerous. *Id.* (citing *Tate v. Southern Jitney Jungle Co.,* 650 So. 2d 1347 (Miss. 1995)).

4

Mississippi courts have specifically held that normally encountered dangers such as thresholds are not hazardous conditions. For instance, in *McGovern v. Scarborough,* 566 So. 2d 1225 (Miss. 1990), the plaintiff alleged that she tripped and fell over a door threshold as she entered the premises. *Id.* at 1226. The threshold at issue was approximately 1 ½" tall (the threshold board measured approximately 1 3/4" inches and the metal threshold cover which sat on top of the threshold board was another 3/4' tall). *Id.* Additionally, the tile which was on the floor just inside the doorway was elevated yet another 2 inches. In considering these facts, the court found that no hazardous condition existed and that the defendant was therefore entitled to summary judgment. Tthe Court specifically stated as follows: "it is impossible to envision this doorway as creating a *danger* of some kind, in some way different from thousands of like doorways." *Id.* at 1228 (emphasis in original).

The threshold at issue in the subject case is approximately 7/16" tall. (Affidavit of Michelle Clifton, Ex. D). Thus, the elevation between the tile portion of the floor where Plaintiff entered the store and threshold would have been approximately 7/16". Under Mississippi case law, such is simply not a hazardous condition. *See, e.g., Patten v. Wal-Mart Stores, Inc.,* 2010 WL 3937957 (N.D. Miss. Oct. 5, 2010) (two overlapping rugs measuring less than ½ inch thick did not constitute hazardous condition); *Smith v. Fed. Cleaning Contractors Inc.,* 126 F. App'x 672 (5th Cir. 2005) (water hose on ground in parking lot outside store did not constitute hazardous condition); *Parker v. Wal-Mart Stores, Inc.,* 2007 WL672263 (S.D. Miss. Feb. 28, 2007) (crack in sidewalk or curb measuring 3 inches by 3 inches and almost 3 inches deep did not constitute a hazardous condition); *Stockstill v. Wal-Mart Stores, Inc.,* 2006 WL 1722284 (S.D. Miss. June 21, 2006) sidewalk curb that was between two and three and half inches high

did not constitute hazardous condition); *Stanley v. Morgan & Lindsey, Inc.,* 203 So. 2d 473 (Miss. 1967) (sidewalk that was approximately seven inches high did not constitute a hazardous condition); *McGovern v. Scarbrough,* 566 So. 2d 1225 (Miss. 1990) (threshold that measured 1 ½" tall an inch and contained tile on the other side of the threshold which was elevated another 2" did not constitute a hazardous condition); *Thompson v. Chick-fil-a, Inc.,* 923 So. 2d 1049 (Miss. Ct. App. 2006) (sidewalk did not constitute a hazardous condition); *Bond v. City of Long Beach,* 908 So. 2d 879 (Miss. Ct. App. 2005) (one inch elevation in sidewalk did not constitute hazardous condition)

The Plaintiff testified that the threshold is essentially identical to any other threshold one might expect to encounter in other similar businesses which have automatic sliding glass doors. (Deposition of Jackie Cox, MSJ Ex. B, pp 16) Additionally, the Plaintiff had been to the subject Wal-Mart on numerous occasions prior to the date of the subject incident and was therefore familiar with the location/existence of the threshold at issue in this case. (Deposition of Jackie Cox, MSJ Ex. B, pp 12-13)

Although Everitt Gunner testified that the threshold was "rocking back and forth" because it was missing screws or bolts (Deposition of Everitt Gunner, MSJ Ex. C, pp. 8, 20), video surveillance footage of the incident and photographs of the threshold reveal that Mr. Gunner is simply mistaken about what he thinks he saw. Specifically, the video surveillance footage shows no evidence of the threshold moving in any manner. (Video Surveillance Footage, MSJ Ex. G). Instead, what is depicted by the video surveillance footage is Plaintiff dragging her foot as she walks and causing the heel of her shoe to catch on the threshold. (Video Surveillance Footage, MSJ Ex. G); *See also* deposition testimony of Mr. Gunner admitting that it

6

is possible that Plaintiff actually fell simply because she was dragging her feet/walking with a limp. (Deposition of Everitt Gunner, MSJ Ex C, pp. 22)

Likewise, photographs of the threshold taken by Wal-Mart following the subject incident and Plaintiff's daughter on the day after the incident show no evidence of any missing screws. (Photographs taken by Wal-Mart, MSJ Ex. E); (Photographs taken by Sabrina Cox, MSJ Ex. F). In fact, Mr. Gunner was unable to identify the location of the alleged missing screws or bolts when confronted with photographs of the threshold. (Deposition of Everitt Gunner, MSJ Ex. C, pp. 20).

The testimony of Everitt Gunner cannot defeat summary judgment. Specifically, even under the general rule that evidence must be viewed in the light most favorable to non-movant, "[c]onflicting testimony about conditions 'which is based merely upon memory, estimate[,] or casual observation,' must yield to physical evidence" such as photographs and video footage. *See, e.g., Illinois Central Gulf Railroad Co. v. Travis,* 2012 WL 5951413, *13 (Miss. Nov. 29, 2012) (quoting *Russell v. Mississippi Central Railroad Co.,* 125 So. 2d 283, 285 (Miss. 1960)).

Moreover, even assuming that the testimony of Mr. Gunner was not contradicted by video and photographic evidence (which it is) and that the threshold was loose (which it was not), Plaintiffs still cannot establish the existence of a hazardous condition. Again, the threshold at issue is approximately 7/16" tall. Mr. Gunner testified that he observed the threshold "raise up" three-eighths to a half inch. (Deposition of Everitt Gunner, MSJ Ex. C, p. 8). Thus, even assuming the threshold "raised up" ½ inch, that would only make the total elevation of the threshold approximately .93", less than one inch. As noted above, Mississippi courts have routinely held that items or conditions much larger in size do not constitute a hazardous condition. *McGovern v.*

*Scarbrough,* 566 So. 2d 1225 (Miss. 1990) (threshold that measured 1 ½" tall an inch and contained tile on the other side of the threshold which was elevated another 2" did not constitute a hazardous condition)*; Smith v. Fed. Cleaning Contractors Inc.,* 126 F. App'x 672 (5th Cir. 2005) (water hose on ground in parking lot outside store did not constitute hazardous condition); *Parker v. Wal-Mart Stores, Inc.,* 2007 WL672263 (S.D. Miss. Feb. 28, 2007) (crack in sidewalk or curb measuring 3 inches by 3 inches and almost 3 inches deep did not constitute a hazardous condition); *Stockstill v. Wal-Mart Stores, Inc.,* 2006 WL 1722284 (S.D. Miss. June 21, 2006) sidewalk curb that was between two and three and half inches high did not constitute hazardous condition); *Stanley v. Morgan & Lindsey, Inc.,* 203 So. 2d 473 (Miss. 1967) (sidewalk that was approximately seven inches high did not constitute a hazardous condition); *Bond v. City of Long Beach,* 908 So. 2d 879 (Miss. Ct. App. 2005) (one inch elevation in sidewalk did not constitute hazardous condition).

In sum, Plaintiffs have no credible evidence to establish that the threshold was a hazardous condition. Wal-Mart is therefore entitled to summary judgment as a matter of law.

    **C.**    **Ricky Cox's Claim for Loss of Consortium Fails as a Matter of Law**

Ricky Cox has alleged a claim of loss of consortium against Wal-Mart. (Complaint, MSJ Ex. A) Mr. Cox's claim is premised on his allegations that the relationship with his wife has been affected as a result of the injuries allegedly sustained by Mrs. Cox at Wal-Mart.

While it is undisputed that Mississippi law recognizes a cause of action for loss of consortium, such a claim is derivative. In other words, where the injured party cannot establish liability against the defendant for the underlying injuries, the spouse cannot, as a matter of law, maintain a cause of action against the defendant for loss of consortium. *Mississippi Law of Torts* § 21:16. In other words, a judgment against the injured person in her personal injury action

8

precludes a loss of consortium claim on behalf of the spouse. *Id.* (citing *McCoy v. Colonial Banking Co., Inc.,* 572 So. 2d 850 (Miss. 1990)).

Here, Plaintiffs have failed to establish a *prima facie* case against Wal-Mart for the alleged injuries sustained by Jackie Cox. Because Jackie Cox cannot, as a matter of law, prevail on her claim for personal injuries against Wal-Mart, Ricky Cox may not assert a cause of action for loss of consortium. As such, Wal-Mart is entitled to summary judgment with respect to Ricky Cox's claim for loss of consortium.

**WHEREFORE, PREMISES CONSIDERED,** Wal-Mart, by and though counsel of record, pursuant to FED. R. CIV. P. 56(c) respectfully move this Court to enter summary judgment against Plaintiffs and dismiss Plaintiffs' Complaint with prejudice.

This the 1st day of February, 2013.

        Respectfully submitted,

        **WAL-MART STORES EAST, LP**


By:    *s/Shanda M. Yates*
       Thomas M. Louis (MSB# 8484)
       Shanda M. Yates (MSB# 102687)

**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
tlouis@wellsmar.com
syates@wellsmar.com

<strong><u>CERTIFICATE OF SERVICE</u></strong>

I, Shanda M. Yates, do hereby certify that the above and foregoing was electronically filed using the Court's ECF System which automatically emailed a copy to the following:

W. Stephens Cox
2084 Old Taylor Road
Suite 106
Oxford, MS 38655

William Roberts Wilson, III
Post Office Box 2428
Oxford, MS 38655

Dated the 1st day of February, 2013.

<em>s/Shanda M. Yates</em><br>Shanda M. Yates