IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JACKIE COX & RICKY COX                                                                PLAINTIFFS

V.                                                          CIVIL ACTION NO.: 1:12-CV-77-SA-DAS

WAL-MART STORES EAST, LP                                                              DEFENDANT

MEMORANDUM OPINION

Presently before the Court is Defendant's Motion for Summary Judgment [50]. Because judgment as a matter of law is due in favor of Defendant, the Court GRANTS that motion.

*Factual and Procedural Background*

This is a premises liability action arising out of an accident that occurred at a Fulton, Mississippi Wal-Mart store on April 24, 2011. Plaintiffs Jackie Cox and Ricky Cox, husband and wife, travelled to Wal-Mart on said date in order to make a number of household purchases. The Coxes entered through separate entrances in an effort to expedite their shopping trip. Jackie Cox (Cox) has suffered from rickets since an early age, and consequently describes her gait as "somewhat of a waddle."

As Cox was entering the store, she tripped over the threshold at the entrance of the store, resulting in significant personal injury. Everitt Gunner, a third-party observer, was seated at a bench near the exit and personally observed Cox's fall. Gunner alleges that in the time leading up to Cox's fall, he observed numerous people exiting the store and noticed that the threshold was not adequately secured and thus rocked back and forth as patrons entered and exited the building. According to Gunner, the threshold raised up three-eighths of an inch to one-half of an inch each time someone placed pressure on one side of the threshold. Cox, who alleges that she tripped on the threshold due to this alleged defect, filed the present action against Wal-Mart

averring liability under negligence law. Ricky Cox (Cox's husband) has additionally filed a claim against Wal-Mart premised on a loss of consortium theory. Wal-Mart has filed the present motion for summary judgment, arguing that, as a matter of law, the threshold was not unreasonably dangerous and both claims are due to fail.

## *Summary Judgment Standard*

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323, 106 S. Ct 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). However, conclusory allegations, speculation, unsubstantiated assertions, and legalistic

2

arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little, 37 F.3d at 1075.

*Discussion and Analysis*

"Premises liability analysis under Mississippi law requires three determinations: (1) legal status of the injured person, (2) relevant duty of care, and (3) defendant's compliance with that duty." Wood v. RIH Acquisitions MS II LLC, 556 F.3d 274, 275 (5th Cir. 2009) (citing Massey v. Tingle, 867 So. 2d 235, 239 (Miss. 2004)). In the present case, it is undisputed that Plaintiff was a business invitee at the time of her accident. Accordingly, the owner or lessee had a duty to keep the business premises "reasonably safe and to warn of any dangerous condition that is not readily apparent." Parker v. Wal-Mart Stores, Inc., 261 F. App'x 724, 725-26 (5th Cir. 2008). However, the owner or lessee "is not an insurer of the safety of its invitees," and it is "only liable for injuries caused by a condition that is unreasonably dangerous." Id. at 726.

As a general rule, conditions that are the "type of dangers which are usual and which customers normally expect to encounter on the business premises" are not considered unreasonably dangerous. Tate v. S. Jitney Jungle Co., 650 So. 2d 1347, 1351 (Miss. 1995). Thus, the presence of typical hazards such as water hoses, thresholds, curbs, and mats will generally not give rise to a cause of action. See, e.g., Smith v. Fed. Cleaning Contractor Inc., 126 F. App'x 672, 674-75 (5th Cir. 2005) (finding a water hose left at store's entrance insufficient to constitute an unreasonably dangerous condition); McGovern v. Scarborough, 566 So. 2d 1225, 1228 (Miss. 1990) (finding door threshold insufficient to constitute an unreasonably dangerous condition); Delmont v. Harrison Cnty Sch. Dist., 944 So. 2d 131, 133 (Miss. Ct. App. 2006) (finding a cheerleading mat left in a common area insufficient to constitute an

unreasonably dangerous condition); Patten v. Wal-Mart Stores, Inc., 2010 WL 3937957 *2 (N.D. Miss. Oct. 5, 2010) (finding overlapped floor mats insufficient to constitute an unreasonably dangerous condition). Moreover, and particularly pertinent for the present case, "these normally occurring dangers do not become hazardous conditions simply because they contain minor imperfections." Parker v. Wal-Mart Stores, 251 F.R.D. 222, 227 (S.D. Miss. 2008) (citing First Nat'l Bank of Vicksburg v. Cutrer, 214 So. 2d 465, 466 (Miss. 1968)).

Illustratively, in First National Bank of Vicksburg v. Cutrer, the Mississippi Supreme Court considered whether an innocuous hazard such as a concrete platform at the entrance of a building was rendered unreasonably dangerous due to the fact that it was not in perfect condition. 214 So. 2d at 466. There, the plaintiff tripped on a concrete platform immediately outside the entrance of a bank. Id. The concrete riser that led to the accident was approximately twelve inches higher than the level of the exterior sidewalk and showed damage from extensive use. Id. Specifically, the facing of the concrete had chipped off on its top edge, creating a sort of slope at the front edge of the platform. Id. In determining that the bank was precluded from liability, the Court found that, despite the damaged condition of the platform, it was not "unreasonably dangerous to a person using reasonable care for his own safety." Id.

In the case at hand, the Plaintiff tripped over a threshold that was allegedly defective in that it was not firmly secured to the floor. According to the Plaintiff, the metal threshold was missing one or more screws and thus rose up approximately one-half inch when stepped upon. Stated another way, the missing screws allowed the threshold to "rock[] back and forth" when a patron stepped on one side or the other. Simply put, such a condition is insufficient as a matter of law to be considered unreasonably dangerous.

4

Under Mississippi law, conditions that are the "type of dangers which are usual and which customers normally expect to encounter on the business premises" are not considered unreasonably dangerous. Tate, 650 So. 2d at 1351. Further, when previously considering the hazard presented by a repaired threshold, the court queried, "[b]y any stretch of the imagination can it be said that the entrance to this building was not *reasonably* safe?" McGovern, 566 So. 2d at 1226. The court concluded, "it is impossible to envision this doorway as creating a *danger* of some kind, in some way different from thousands of like doorways." Id.; see also Jackson v. Robinson Prop. Grp. Corp., 2011 WL 5374201, *3 (N.D. Miss. Nov. 7, 2011) (finding that a rubber-covered expansion joint or threshold between the gaming area and non-gaming area of a casino was not an unreasonably dangerous condition). Additionally, as illustrated in Cutrer, such a typical hazard does not become unreasonably dangerous merely because it suffers a minor defect. See 214 So. 2d at 466. Therefore, the Court finds that the threshold at issue was insufficient as a matter of law to create an unreasonably dangerous condition.

Further, Plaintiffs' reliance on Wood in the present case is misplaced. In Wood, the Fifth Circuit clearly stated "[w]e accept that Tate and its almost exclusively federal offspring remain relevant until the Mississippi Supreme Court directs otherwise." 556 F.3d at 281. There, however, the court was unable to find any case law suggesting that small reflectors placed in the porte cochere of a casino entrance were a usual type of hazard that patrons should have expected to encounter or were reasonably safe as a matter of law. Id. Quite separately, the instant case before this Court involves a threshold, a hazard that the Mississippi Supreme Court has deemed reasonably safe as a matter of law. McGovern, 566 So. 2d at 1227.

Equally misplaced is Plaintiffs' significant extrapolation on Woten v. American National Insurance Company, 424 F. App'x 368, 369 (5th Cir. 2011). In Woten, the district court found

that a curb within a parking garage did not constitute an unreasonably dangerous condition and therefore granted summary judgment in favor of defendant. The Fifth Circuit reversed, finding that the plaintiff had additionally alleged that the lighting was inadequate and there was therefore a genuine dispute of material fact with regard to "whether the lighting, combined with the curb, constituted an unreasonably dangerous condition." Id. at 371. Of great import in that finding was the fact that, under Mississippi law, insufficient lighting itself could indeed constitute an unreasonably dangerous condition. Id. at 370 (internal citations omitted). Conversely, in the case before this Court, it is well-established that a threshold does not constitute an unreasonably dangerous condition and does not become unreasonably dangerous merely because it suffers a minor defect.

In accordance with the cited authority, the Court finds as a matter of law that the threshold at issue did not constitute an unreasonably dangerous condition. Having failed to establish a genuine dispute of material fact regarding an unreasonably dangerous condition, Plaintiff Jackie Cox's claim for negligence should be dismissed. Further, Plaintiff Ricky Cox's claim for loss of consortium is subsequently also due to fail since it is premised solely on Cox's underlying negligence claim.

## *Conclusion*

Because Cox has failed to present a genuine dispute of material fact regarding the existence of an unreasonably dangerous condition, Defendant's Motion for Summary Judgment [50] is GRANTED.

SO ORDERED, this the 4th day of June, 2013.

                                                           **/s/ Sharion Aycock**
                                                           **U.S. DISTRICT JUDGE**